UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL A. MARTIN,
PHYLLIS MARTIN,

                    **Plaintiffs,**

-vs-                                         **Case No.  6:08-cv-1839-Orl-31DAB**

CITY OF DAYTONA BEACH;
THE HOLBORN GROUP, INC., f/k/a
Indian River Industrial Contractors, Inc.;
CAMP, DRESSER & McKEE, INC.;
FLORIDA SUN CONTROL PRODUCTS,
INC.;
THE PROTECTOSEAL COMPANY;
SIEMENS WATER TECHNOLOGIES
CORP, f/k/a Wallace & Tiernan, Inc.;
McKIM & CREED, P.A.;
McKIM & CREED ENGINEERS, P.A.;

                    **Defendants.**

_____

# ORDER

      This matter came before the Court without oral argument upon consideration of Plaintiffs'

Amended Motion to Remand (Doc. 22) and the respective responses of Defendants filed in

opposition thereto by City of Daytona Beach, The Holborn Group, Inc., Camp, Dresser & McKee,

Inc., McKim & Creed, P.A. and McKim & Creed Engineers (collectively, "Defendants") (Docs.

29, 40, 41, and 42).

## I.  Background

      Plaintiffs, Michael A. Martin and Phyllis Martin (the "Martins"), brought suit in State

Court nearly two years ago asserting, *inter alia*, various negligence claims arising out of a

workplace explosion.  The State Court consolidated the Martins' case along with two other cases arising out of the same accident.  On October 16, 2008, the State Court granted the Martins leave to amend their complaint and the Martins added three federal claims under 42 U.S.C. § 1983 ("§ 1983").  The Plaintiffs in the two companion cases, however, have not asserted any federal claims.  Defendants removed all three cases in the consolidated State Court action to this Court.

The Martins now move this Court to dismiss their federal claims pursuant to FED. R. CIV. P. 41 and to remand this consolidated action back to State Court.  The Martins' Motion for Remand, however, fails to comply with Local Rule 3.01(g).[1]  Nor does the Motion for Remand specify whether the dismissal should be with or without prejudice.[2]

For their part, Defendants do not oppose the Motion to Remand, but ask that the Court award Defendants their costs and fees associated with removal.  In support of this request, Defendants contend that the Martins deliberately amended their complaint so as to delay a previously scheduled hearing on their Motion for Summary Judgment.

Inasmuch as the parties agree that the Martins' federal claims should be dismissed with prejudice and that this consolidated action should be remanded to State Court, the Motion to Remand will be granted.  Defendants' request for costs and fees is addressed, *infra*.

---

[1]Plaintiffs contend that their Motion for Remand escapes the purview of Local Rule 3.01(g). The Court finds absolutely no merit in that contention.  Plaintiffs' assertion of federal claims clearly entitled the City of Daytona Beach to a federal forum.  Plaintiffs' effort to subsequently deny the City of Daytona Beach that right is clearly a contested matter which falls squarely within the ambit of Local Rule 3.01(g).

[2]The Martins have since filed a reply in which they concede that the dismissal of their federal claims should be with prejudice (Doc. 39).

## II.  Analysis

In pertinent part, Rule 41 provides that "an action may be dismissed at the plaintiff's request only by Court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  In this regard, the Court has broad discretion.  *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986).  In exercising this "broad equitable discretion under Rule 41(a)(2)," however, the Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id*. at 857.

Upon review of the record, the Court finds that an award of fees and costs is appropriate in this case.  As evidenced by the Martins' eagerness to have their § 1983 claims dismissed with prejudice, the Martins either had no desire to actually litigate these claims or mistakenly believed that Defendants would not exercise their right to have these claims heard in a federal forum.  In either event, the Martins have unnecessarily wasted both the Defendants' resources and the judicial labor of this Court.  Consequently, the Court finds that an award of costs and fees to Defendants is appropriate in this case and should be assessed against the Martins.

## III.  Conclusion

In light of the foregoing,  it is hereby **ORDERED** that Counts II - V of Plaintiffs' Third Amended Complaint (Doc. 2) are **DISMISSED** with prejudice and Plaintiffs' Amended Motion for Remand (Doc. 22) is **GRANTED**.  In the absence of any federal question, the Court declines to exercise its supplemental jurisdiction over the remaining State law claims pursuant to 28 U.S.C. § 1367(c).  Accordingly, this case is **REMANDED** to the Circuit Court for the Seventh Judicial Circuit of Florida for further proceedings.

The Court reserves jurisdiction to determine Defendants' reasonable costs and fees. Defendants are **DIRECTED** to file a detailed, consolidated application for costs and fees by Friday, November 28, 2008.  If Plaintiffs, Michael A. Martin and Phyllis Martin, should find Defendants' application unreasonable, Plaintiffs shall file a response in opposition to the application by Friday, December 5, 2008.

Finally, Plaintiff's, Casey Jones, Motion to Remand (Doc. 34), Plaintiff's, Vivian Johnson, Motion to Remand (Doc. 35), Plaintiffs' Motion for Leave to File Reply (Doc. 38), and Defendant's, City of Daytona Beach, Motion to Correct Docket (Doc. 16) are **DENIED** as **MOOT**.

The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 18, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE