## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**MICHAEL A. MARTIN,**
**PHYLLIS MARTIN,**

                **Plaintiffs,**

**-vs-**                                          **Case No.  6:08-cv-1839-Orl-31DAB**

**CITY OF DAYTONA BEACH;**
**THE HOLBORN GROUP, INC., f/k/a**
**Indian River Industrial Contractors, Inc.;**
**CAMP, DRESSER & McKEE, INC.;**
**FLORIDA SUN CONTROL PRODUCTS,**
**INC.;**
**THE PROTECTOSEAL COMPANY;**
**SIEMENS WATER TECHNOLOGIES**
**CORP, f/k/a Wallace & Tiernan, Inc.;**
**McKIM & CREED, P.A.;**
**McKIM & CREED ENGINEERS, P.A.;**
                **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of

Defendants', City of Daytona Beach, The Holborn Group, Inc., Camp, Dresser & McKee, Inc.,

McKim & Creed, P.A., and McKim & Creed Engineers, P.A. ("Defendants"), Consolidated

Motion for Attorneys' Fees and Costs (Doc. 48) and Plaintiffs' response in opposition thereto

(Doc. 50).

On November 18, 2008, the Court dismissed Plaintiffs' federal claims and remanded this

case to the Circuit Court for the Seventh Judicial Circuit of Florida for further proceedings (Doc.

43).  As a condition of the Court's Order dismissing Plaintiffs' federal claims, the Court found that

an award of fees and costs to Defendants was appropriate pursuant to FED. R. CIV. P. 41(a)(2).

Accordingly, the Court directed the Defendants to file a detailed, consolidated application for costs

and fees and, if necessary, for the Plaintiffs to file a response in opposition to same (Doc. 43).

In their application for fees and costs, Defendants seek a total award of $73,506.10 (Doc.

48 at 4).  More specifically, Defendant City of Daytona Beach (the "City") seeks fees and costs in

the amount of $45,311.50.[1]  Defendant The Holborn Group seeks fees in the amount of $6,255.00.

Defendant Camp, Dresser & McKee seeks fees and costs in the amount of $16,448.60.  Defendants

McKim & Creed, P.A. and McKim & Creed Engineers, P.A. (collectively "McKim Creed") seek

fees in the amount of $5,491.00.  Each Defendant has supported its request by detailed time sheets

and affidavits.[2]

In their response in opposition to the application, Plaintiffs contend that Defendants'

requests are excessive and that a reasonable total award would be $33,373.60.[3]  (Doc. 50).  While

Plaintiffs do not take exception to the rates charged by Defendants' attorneys, they nevertheless

argue that the time spent was excessive and, in many cases, duplicative of the work performed by

Defendants' other counsel (Doc. 50 at 3).  Plaintiffs have reviewed each of the Defendants'

---

[1]The City is represented by two law firms: Marks Gray, P.A. and Garrison, Yount, Lormand, Forte & Mulcahy.  The City contends that it incurred $22,739.50 in fees and costs by Marks Gray, P.A., and $22,000.00 in fees and costs by Garrison, Yount, Lormand, Forte & Mulcahy (Doc. 48 at 2).  Thus, the City seeks a total award of $45,311.50.

[2]Indeed, more than eighty (80) pages of Defendants' Consolidated Application for Attorneys' Fees and Costs consists of affidavits and time sheets (Doc. 48 at 7-89).

[3]Although Plaintiffs itemize the amount of time and costs they contend are excessive for each Defendant, they do not take the additional step of calculating the total amount which they contend would be reasonable.  Instead, Plaintiffs request that the Court conduct an evidentiary hearing.  The Court, however, has calculated the total amount which Plaintiffs contend would be reasonable, using Plaintiffs' suggested reductions, and has concluded that an evidentiary hearing is unnecessary.

affidavits and have suggested specific reductions for time and costs which they contend are

excessive, duplicative, unrelated to removal, or otherwise inappropriate.  More specifically,

Plaintiffs argue that Defendant City of Daytona Beach's award should be reduced by $29,138.50,

for a total award of $16,173.00 ($5,655.50 for Marks Gray, P.A., and $9,945.50 for Garrison,

Yount, Lormand, Forte & Mulcahy);[4] that Defendant Holborn Group, Inc.'s award should be

reduced by $1,425.00, for a total award of $4,830.00;[5] that Defendant Camp, Dresser & McKee's

award should be reduced by $8,447.00, for a total award $8,001.60;[6] and that Defendant McKim &

Creed's award should be reduced by $1,122.00, for a total award of $4,369.00.[7]

---

[4]Specifically, Plaintiffs contend that the fees and costs incurred by Marks Gray, P.A. for the City should be reduced by $17,084.00 ($4,532.00 for time spent on responding to the Third Amended Complaint, $836.00 for time spent on summary judgment and sovereign immunity, $662.00 for time spent on issues involving other plaintiffs, $3,826.00 for excessive time spent on researching removal, $3,216.00 for excessive time spent strategizing, and $4,012.00 for clerical services).  Similarly, Plaintiffs contend that the fees and costs incurred by Garrison, Yount, Lormand, Forte & Mulcahy for the City should be reduced by $12,054.50 ($2,657.50 for time spent on responding to the Third Amended Complaint, $612.50 for time spent on summary judgment and sovereign immunity, $942.00 for time spent on issues involving other plaintiffs, $5,077.50 for excessive time spent on researching removal, $2,460.00 for organizing pleadings, and $305.00 for time spent on a motion for a protective order).

    Together, then, Plaintiff contends that the City's award should be reduced by $29,138.50 (i.e., a $17,084.00 reduction for Marks Gray, P.A., plus a $12,054.50 reduction for Garrison, Yount, Lormand, Forte & Mulcahy).

[5]Plaintiffs' reduction for Holborn Group, Inc. includes $765.00 for time spent on responding to the Third Amended Complaint, $120.00 for time spent on summary judgment and sovereign immunity, and $540.00 for time spent on issues involving other plaintiffs (Doc. 50 at 6-9).

[6]Plaintiffs' reduction for Camp Dresser & McKee, Inc. includes $2,522.50 for time spent on responding to the Third Amended Complaint, $5,804.50 for time spent on summary judgment and sovereign immunity, and $120 for time spent on issues involving other plaintiffs (Doc. 50 at 5-9).

[7]Plaintiffs' reduction for McKim & Creed includes $1,012 for time spent on responding to the Third Amended Complaint and $110 for time spent on issues involving other plaintiffs (Doc. 50 at 7 and 9).

Upon a thorough review of Defendants' consolidated application and Plaintiffs' response in opposition thereto, the Court concludes that a total award of $30,000.00 is appropriate in this case. As a threshold matter, this award represents a condition of dismissal determined by the Court pursuant to FED. R. CIV. P. 41(a)(2) – not an award to a prevailing party, a Rule 11 sanction, or a sanction pursuant to 28 U.S.C. § 1927. As previously noted, the Court has wide discretion to impose those conditions it deems appropriate to dismiss a party's claims or action under Rule 41(a)(2) (Doc. 43 at 3).[8] After weighing the relevant equities in this case, the Court agrees that some of Defendants' time and costs were not spent on removal. At the same time, however, the Defendants incurred significant expense which was occasioned solely by Plaintiffs' improvident assertion of federal claims. Based, then, on the Court's own experience, familiarity with the work associated with removal, and extent of judicial labor which was unnecessarily spent on this matter, the Court concludes that an award of $30,000.00 to Defendants is an appropriate condition of dismissal in this case.

Accordingly, it is hereby **ORDERED** that Defendants' Consolidated Motion for Attorneys' Fees and Costs (Doc. 48) is **GRANTED in part**. Plaintiffs, Michael A. Martin and Phyllis Martin, and/or their counsel, Lytal, Reiter, Clark, Fountain & Williams, LLP, shall pay the law firm of Marks Gray, P.A. $30,000.00 within thirty (30) days. Once received, the funds paid to Marks Gray, P.A. shall be held in escrow for the benefit of City of Daytona Beach, The Holborn Group, Inc., Camp, Dresser & McKee, Inc., McKim & Creed, P.A., and McKim & Creed

---

[8]For this reason, Plaintiffs' reliance on *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (Doc. 50 at 12) is largely misplaced.

-4-

Engineers, P.A.; these Defendants shall then allocate the funds among themselves in a manner

agreeable to them.  The Court retains jurisdiction over this matter.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida on January 7, 2009.

Copies furnished to:


Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE